**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**ANTHONY D. AMAKER, 89-T-2815,**

                        **Plaintiff,**          07-CV-0279(Sr)

v.

                                           **AMENDED**

**BRIAN S. FISHER, et al.,**               **CASE MANAGEMENT ORDER**

                        **Defendants.**

---

A telephone conference was held on December 23, 2009 with the parties. It is hereby ORDERED that:

       1.      No later than **February 26, 2010**, defendants shall provide to plaintiff the identity of all persons who were present at, witnessed, or investigated the events from which the plaintiff's claims arose. Defendants shall also provide to plaintiff copies of any documents prepared by any employee of the State of New York in connection with the events from which the plaintiff's claims arose including, but not limited to: incident reports, intradepartmental memoranda, use of force reports, unusual incident reports, witness statements, misbehavior reports, and medical treatment records (if release is properly authorized). If counsel for one or more defendants in good faith believes that production of any of the required documents may disrupt or interfere with prison discipline or procedures, such documents may be produced only to the Court. Furthermore, the defendants and their counsel may redact documents produced to protect the identity of confidential informants, but unredacted copies shall be retained for production to the Court upon request.

2. All motions to join other parties or to amend pleadings shall be filed by **March 19, 2010.**

3. All fact depositions shall be completed no later than **July 30, 2010.** The defendants may depose the plaintiff pursuant to Fed.R.Civ.P. 30(a), in person, by video conferencing or by telephone at the correctional facility where he presently resides. The plaintiff shall be provided reasonable notice, at least 30 days in advance of the deposition, pursuant to Fed.R.Civ.P. 30(b)(1). If the plaintiff's deposition is to be taken in person, such security measures shall be taken as are necessary in the opinion of the superintendent of the correctional facility where the deposition is to be taken, including, but not limited to, the presence of corrections officers in the examining room, but provided that no officer assigned as a member of a security detail is a party to this action.

4. Plaintiff shall identify any expert witnesses who may be used at trial and provide reports pursuant to Fed.R.Civ.P. 26(a)(2)(B) by **June 25, 2010.** Defendant shall identify any expert witnesses who may be used at trial and provide reports pursuant to Fed.R.Civ.P. 26(a)(2)(B) by **July 30, 2010. Such disclosures shall be served on all counsel.** *See also* Local Rule 26.

5. All expert depositions shall be completed no later than **August 31, 2010.**

6. All discovery in this case shall be completed no later than **September 10, 2010.**

7. All applications to resolve discovery disputes shall be filed on or before **September 3, 2010.** In the event of bonafide discovery disputes that cannot be resolved by counsels' good faith efforts (*see generally* Local Rule 37), the parties shall submit, by joint letter, signed by all counsel, a statement of the issue(s) to be resolved by the Court. Each party, within five business days thereafter, shall submit by letter a statement of facts and law it wishes the Court to consider. Original letter shall be filed with the Clerk of the Court, and a courtesy copy shall be provided simultaneously to Chambers. The Court reserves the right to request full briefing by the parties, in which case the Court will so advise the parties.

8. Plaintiff shall submit a formal written settlement demand to defendants' counsel no later than **August 6, 2010.** Defendant's counsel shall respond to plaintiff in writing no later than **August 31, 2010.** An Intermediate Settlement Conference shall be held telephonically with the parties on **September 8, 2010 at 10:00 a.m.**, and the Court will place the call.

9. Dispositive motions by all parties shall be filed and served no later than **October 29, 2010.** *See generally* Local Rule 7.1(c); 56. Responding papers shall be filed and served no later than **November 19, 2010.** Reply papers, if any, shall

be filed and served no later than **December 3, 2010.** The motion shall be taken under advisement without oral argument.

10. Courtesy copies of all motion papers shall be provided to chambers simultaneously with their filing in the Office of the Court Clerk.

11. Modification or extension of the dates set forth in this scheduling order are strongly discouraged. Extensions will only be considered for meritorious reasons.

<u>Modification or Extension of Other Dates in Scheduling Order</u>: Dates prior to the discovery termination may be extended by agreement among counsel, so long as they do not require an extension of the overall discovery termination date. Counsel shall confirm such extensions in writing to the Magistrate Judge.

<u>Extension of the Discovery Termination Date</u>: This extension may only be sought by joint written application, signed by counsel for all parties, showing good and extraordinary cause for the extension requested. The applicants must also include a proposed new scheduling order in a form substantially similar to this order. The application should be made to the Magistrate Judge, unless the deadline has already passed.

12. Sanctions: All parties' attention is directed to Fed.R.Civ.P. 16(f) calling for sanctions in the event of failure to comply with any direction of this Court. The plaintiff is reminded that it is his/her responsibility to keep the Court informed of his/her current address.

**SO ORDERED.**

DATED: Buffalo, New York
December 23, 2009

**S/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**