**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**ANTHONY D. AMAKER, 89-T-2815,**

                               **Plaintiff,**                07-CV-0279(Sr)

v.

**BRIAN S. FISHER, et al.,**

                               **Defendants.**

---

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment. Dkt. #72.

By Decision and Order entered June 23, 2010, the Court denied plaintiff's motion for a preliminary injunction enjoining defendants from enforcing DOCS' Directive 4913, which limits the volume of inmates' legal work product upon transfer to another correctional facility, and directed DOCS to afford plaintiff sufficient opportunity to sort through his five draft bags of legal materials to cull one draft bag of legal materials to retain and to dispose of the remaining materials in accordance with the provisions of DOCS Directive 4913. Dkt. #87. Plaintiff has appealed that decision to the Court of Appeals for the Second Circuit. Dkt. #92.

Currently before the Court is plaintiff's motion for a preliminary injunction enjoining defendants from enforcing DOCS' Directive 4913 pending resolution of this appeal. Dkt. #94.

Although the general rule is that the filing of the notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal, Rule 62(c) of the Federal Rules of Civil Procedure permits a district court to grant injunctive relief after a proper notice of appeal has been filed when it is necessary to preserve the status quo while the appeal is pending. *See Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 564-65 (2d Cir. 1991). As the Court finds that absent such an order, plaintiff's legal materials could be destroyed before the Court of Appeals has had the opportunity to review this Court's Order with respect to the propriety of DOCS' Directive 4913, the Court orders that plaintiff be afforded sufficient opportunity to sort through his five draft bags of legal materials to cull one draft bag of legal materials to retain, but that the excess legal materials be retained in a secure location at the facility in which plaintiff is housed until plaintiff's appeal is resolved.

**SO ORDERED.**

DATED:    Buffalo, New York
             July 20, 2010

                                              s/ H. Kenneth Schroeder, Jr.
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**