UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**ANTHONY D. AMAKER, 89-T-2815,**

                             **Plaintiff,**                  07-CV-0279(Sr)

v.

**BRIAN S. FISHER, et al.,**

                             **Defendants.**

---

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment. Dkt. #72.

By Decision and Order entered June 23, 2010, this Court denied plaintiff's motion for a preliminary injunction enjoining defendants from enforcing DOCS' Directive 4913, which limits the volume of an inmates' legal work product upon transfer to another correctional facility, and directed DOCS to afford plaintiff sufficient opportunity to sort through his five draft bags of legal materials to cull one draft bag of legal materials to retain and to dispose of the remaining materials in accordance with the provisions of DOCS Directive 4913. Dkt. #87. Plaintiff has appealed that decision to the Court of Appeals for the Second Circuit. Dkt. #92. In July 2010, plaintiff filed a motion for a preliminary injunction enjoining defendants from enforcing DOCS' Directive 4913 pending resolution of the appeal. Dkt. #94. By Decision and Order dated July 20,

2010, this Court found that absent an order to preserve the status quo while plaintiff's appeal was pending, plaintiff's legal materials could be destroyed before the Court of Appeals has the opportunity to review this Court's Order with respect to the propriety of DOCS' Directive 4913. Therefore, this Court ordered that, *inter alia*, plaintiff's excess legal materials be retained in a secure location at the facility in which plaintiff is housed until plaintiff's appeal is resolved. Dkt. #95.

Presently pending before this Court is defendants' motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure seeking to modify this Court's July 20, 2010 Order to allow for plaintiff's excess legal materials to remain undisturbed at a secure location at the Southport Correctional Facility ("Southport") where they have remained since this Court's July 20, 2010 Order, notwithstanding the fact that plaintiff was recently transferred from Southport to the Attica Correctional Facility ("Attica"). Pursuant to this Court's prior Order (Dkt. #95), plaintiff's excess legal materials should be sent to Attica and held in a secure location there. By reason of the instant motion, defendants assert that the best way to guarantee that the plaintiff's excess legal materials remain undisturbed until the plaintiff's appeal is disposed of is for them to remain at Southport. This Court agrees.

Based on the foregoing, that portion of this Court's July 20, 2010 Decision and Order directing that plaintiff's excess legal materials be retained in a secure location at the facility in which plaintiff is housed until plaintiff's appeal is resolved, is hereby modified as follows. Plaintiff's excess legal materials shall be retained in a secure location at Southport until plaintiff's appeal is resolved.

**SO ORDERED.**

DATED:   Buffalo, New York
         October 29, 2010

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**