**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**ANTHONY D. AMAKER, 89-T-2815,**

                     **Plaintiff,**               **07-CV-0279(Sr)**

**v.**

**BRIAN S. FISHER, et al.,**

                     **Defendants.**

---

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment. Dkt. #72.

This action was commenced on April 26, 2007. Dkt. #1. Plaintiff's amended complaint was filed on May 24, 2007. Dkt. #5. Plaintiff's second and third amended complaints, filed February 29, 2008 and July 16, 2009, allege, as pertinent to the instant motion, that on April 12, 2007, during the course of a transport from one correctional facility to another, plaintiff passed through Auburn Correctional Facility where corrections officers attempted to place plaintiff in a double bunked cell in violation of their own regulations. Dkt. ##6 & 47, ¶ 20. Plaintiff alleges that when he refused "to go inside the cell, C.O. John Doe placed plaintiff in the very last cell without any bedding, towel [or] soap and told the D-block porters not to feed the plaintiff." Dkt. ##6 & 47, ¶ 20.

By motion filed November 15, 2010, plaintiff's seeks to compel defendants to provide photographs of Corrections Officers working the 3-11 shift at the D-block in the Auburn Correctional Facility from April 12-17, 2007 so that he can identify defendant John Doe and to extend the Case Management Order to permit him to "produce several more interrogatories in this case, and . . . request entire identities of those responsible for these retaliatory transfer to prison[]s w[h]ere his life has been threaten[ed] for using the grievances [sic] and filing lawsuit[s]." Dkt. #113.

Plaintiff's motion is denied. The law is clear that

> 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued. And even when a suit is brought by a pro se litigant, an amended complaint adding new defendants [cannot] relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.

*Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (internal quotations and citations omitted). Thus, even if plaintiff were to discern the identity of C.O. John Doe through his motion to compel, the three-year statute of limitations applicable to civil rights actions pursuant to 42 U.S.C. § 1983 would bar him from amending his complaint to name the C.O. as a defendant at this point.

Plaintiff has had more than 3½ years to conduct discovery in this action and has received responses to 13 sets of interrogatories and 5 sets of discovery demands, as well as more than 700 pages of documents from defendants as part of their initial Rule 26 disclosures. Dkt. ##31, 37-38, 68-71, 98-101, 104-108 & 117-119.

There is no basis to believe that any further discovery is warranted with respect to the allegations set forth in this third amended complaint.

**SO ORDERED.**

DATED:    Buffalo, New York
               January 5, 2011

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**