**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

ANTHONY D. AMAKER, 89-T-2815,

                              **Plaintiff,**               07-CV-0279(Sr)

**v.**

**BRIAN S. FISHER, et al.,**

                              **Defendants.**

_____

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment.  Dkt. #72.

By Decision and Order entered June 23, 2010, this Court denied plaintiff's motion for a preliminary injunction enjoining defendants from enforcing DOCS' Directive 4913, which limits the volume of an inmates' legal work product upon transfer to another correctional facility, and directed DOCS to afford plaintiff sufficient opportunity to sort through his five draft bags of legal materials to cull one draft bag of legal materials to retain and to dispose of the remaining materials in accordance with the provisions of DOCS Directive 4913.  Dkt. #87.

In July 2010, plaintiff filed a motion for a preliminary injunction enjoining defendants from enforcing DOCS' Directive 4913 pending resolution of the appeal.  Dkt. #94.  By Decision and Order dated July 20, 2010, this Court found that absent an order

to preserve the status quo while plaintiff's appeal was pending, plaintiff's legal materials could be destroyed before the Court of Appeals had the opportunity to review this Court's Order. Dkt. #95.  Therefore, the Court ordered that plaintiff's excess legal materials be retained in a secure location at Southport until plaintiff's appeal was resolved.  Dkt. #110.

The Court of Appeals for the Second Circuit affirmed the denial of the preliminary injunction by Summary Order entered February 27, 2012.  Dkt. #146.

Presently before the Court is plaintiff's motion for contempt of the Court's Orders with respect to the denial of his motion for preliminary injunction.  Dkt. #148. Specifically, plaintiff complains that prison officials are not complying with Directive 4913.  Dkt. #148.  However, to the extent that prison officials are not complying with their directives, and to the extent that such noncompliance is denying plaintiff his constitutional right to access the courts, for example, his remedy would be a separate action against the parties personally involved in the alleged violation of his constitutional rights.  Accordingly, plaintiff's motion for contempt (Dkt. #148), is denied.

**SO ORDERED.**

DATED:      Buffalo, New York
            March 27, 2013

  _s/ H. Kenneth Schroeder, Jr._
  **H. KENNETH SCHROEDER, JR.**
  **United States Magistrate Judge**