UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY D. AMAKER,

                **Plaintiff,**

      -v-                                        07-CV-279-(HKS)

BRIAN S. FISCHER, et al.,

                **Defendants.**

_____

## DECISION AND ORDER

Plaintiff Anthony Amaker ("Plaintiff") brings this action, *pro se*, pursuant to 42 U.S.C. §§ 1981 and 1983, as well as the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc to 2000cc-5, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68.  *See* Dkt. #47.  Plaintiff alleges that thirty-nine named defendants (collectively, "Defendants"), harassed and discriminated against him while he was in the custody of the New York State Department of Corrections between 2006 and 2008.  *See id.*  The parties have consented to proceed before the undersigned in accordance with 28 U.S.C. § 636(c).  Dkt. #72.

On January 12, 2011, Plaintiff filed a motion to compel Defendants "to answer all discovery demands and [to produce all] documents for this case."  *See* Dkt. #126.  More specifically, Plaintiff seeks interrogatory responses from the following named defendants: (1) Deputy Superintendent for Security John Maly ("DSS Maly"); (2) Corrections Lieutenant Gregory Palen ("Lt. Palen"); (3) Corrections Sergeant Linda

Nelson ("Sgt. Nelson"); (4) Corrections Officer John Hasbrouck ("C.O. Hasbrouck"); (5) Corrections Officer Charles Jacobs ("C.O. Jacobs"); and (6) Johanna Hill ("Ms. Hill"), an academic teacher at Shawangunk Correctional Facility ("Shawangunk").  *See* Dkt. #127, ¶ 3; *see also* Dkt. #128.  He also seeks documents related to his urinalysis test administered by C.O. Hasbrouck at Shawangunk on September 9, 2008.  *See* Dkt. #127, ¶ 5.

Federal Rule of Civil Procedure 37 provides, in relevant part, that "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  Such "motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv).

Rule 37 also, however, requires "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Plaintiff did not include any such certification with his motion.  *See* Dkt. #126; Dkt. #127.  What is more, Defendants have provided Plaintiff with the requested responses and documents.  *See* Dkt. #117 (interrogatory responses by Ms. Hill); Dkt. #118 (interrogatory responses by C.O. Jacobs); Dkt. #119 (interrogatory responses by

DSS Maly); Dkt. #122 (interrogatory responses by Sgt. Nelson); Dkt. #125 (interrogatory responses by Lt. Palen); Dkt. #133 (interrogatory responses and production of documents by C.O. Hasbrouck). Plaintiff's motion to compel accordingly is denied as moot.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel (Dkt. #126) is DENIED.

**SO ORDERED.**

**DATED:**     **Buffalo, New York**
              **December 9, 2025**

                                           **s/ H. Kenneth Schroeder, Jr.**
                                           **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**